UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIAN O'MALLEY | * | CIVIL ACTION NO. 17-4812 |
| | * | |
| | * | SECTION: "H"(1) |
| VERSUS | * | |
| | * | JUDGE JANE TRICHE MILAZZO |
| PUBLIC BELT RAILROAD COMMISSION | * | |
| FOR THE CITY OF NEW ORLEANS | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************* | * | |

ORDER AND REASONS

Before the Court is the Motion to Compel filed by Public Belt Railroad Commission for the City of New Orleans ("NOPB"). (Rec. Doc. 41). For the following reasons, the Motion to Compel is DENIED. Oral argument set for February 7, 2018, is hereby cancelled.

Background

This case arises out of an incident that occurred on March 19, 2017, at approximately 10:30 a.m. when O'Malley says he was struck by a locomotive. At the time of the incident, O'Malley was employed by the Public Belt Railroad Commission for the City of New Orleans ("NOPB") as a switchman/freight conductor. O'Malley alleges that on the day of the incident, there were two work crews, one working on the interchange lead (Job 100R) and one working on the switching lead (Job 102). O'Malley was working on the Job 100R crew, and says he was struck by the east facing Job 102 locomotive while he was performing his assigned duties. He complains that he did not hear any bell, whistle, or other warning that Job 102 was moving. He says that the two crews should have been using the same radio channel so that he might have received notice that the Job 102 locomotive was moving. O'Malley alleges that he suffered severe and debilitating injuries to his lower back, ribs, and left side of the body as a result of the accident.

He filed this lawsuit on May 9, 2017, asserting claims under the Federal Employer's Liability Act, 45 U.S.C. 51 ("FELA"). He seeks to recover his expenses incurred for medical treatment and for his future medical expenses. He claims he suffered emotional injury, lost wages, and mental pain and anguish. He also seeks to recover lost past and future wages, benefits, and earning capacity. He claims that his injuries may be permanent resulting in a loss of life's pleasures.

Discovery Issue

Two of NOPB's requests for production of documents are at issue here. Request for Production 13 asks O'Malley to produce

> all documents relating to your financial information from March 19, 2017 to the present including, but not limited to, checks that you have received, your saving and checking bank account(s) statements, your credit card(s) statements, and your debit card(s) statements.

Request for Production 14 asks O'Malley to produce "all documents relating to all activity on your social media accounts identified in Interrogatory No. 21 from March 19, 2017 to the present." NOPB insists that the financial request are relevant to the alleged expenses claimed by O'Malley. NOPB adds the financial records could be relevant to O'Malley's physical activity. NOPB says social networking data is relevant to O'Malley's alleged physical and emotional injuries because it may show his post-accident activities and his emotional state. NOPB notes that its requests have a narrow time frame.

O'Malley insists that NOPB's request for financial information is overbroad. He points out that he has not claimed "related expenses." The past medical expenses he claims are reflected in his medical bills. The possibility that his financial records would show his post-accident activity, he insists, does not justify the onerous and obtrusive request for these records. With regard to his

social media activity, O'Malley points out that courts do not typically allow unfettered access to social networking records as sought by NOPB here.

Law and Analysis

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). Of note, with the 2015 amendment to Rule 26, it is now clear that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.[1] In assessing proportionality of discovery, the following should be considered: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. The advisory committee comments to the 2015 amendment to Rule 26 make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional. The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information sought is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." Id. advisory committee comments to 2015 amendment. "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." Id.

---

[1] Although NOPB's motion argues that its requests are "reasonably calculated to lead to admissible evidence," this language was removed from Rule 26 in 2015. The Court reminds the parties to use the current standard.

Requests for social networking website information are no exception. Such information is discoverable when it is relevant and proportional to the needs of the case. See Scott v. United States Postal Serv., No. CV 15-712-BAJ-EWD, 2016 WL 7440468, at *5 (M.D. La. Dec. 27, 2016); Moore v. Wayne Smith Trucking Inc., No. CIV.A. 14-1919, 2015 WL 6438913, at *2 (E.D. La. Oct. 22, 2015). Even where discoverable, a defendant is not granted "unfettered access to a plaintiff's social networking sites that he or she has limited from public view" simply because the plaintiff has put his or her mental and physical conditions at issue. Johnson v. PPI Tech. Servs., L.P., No. CIV.A. 11-2773, 2013 WL 4508128, at *2 (E.D. La. Aug. 22, 2013) ("Simply placing their mental and physical conditions at issue is not sufficient to allow [defendant] to rummage through [plaintiffs'] social media sites."); Farley v. Callais & Sons LLC, No. CIV.A. 14-2550, 2015 WL 4730729, at *3 (E.D. La. Aug. 10, 2015) (quoting Smith v. Hillshire Brands, No. 13-2605-CM, 2014 WL 2804188, at *5 (D. Kan. June 20, 2014) ("Defendant is no more entitled to such unfettered access to plaintiff's personal email and social networking communications than it is to rummage through the desk drawers and closets in plaintiff's home.").

   2. *Financial Records*

NOPB's request for financial records must be denied. NOPB cites Stokes v. Petroleum Helicopters, where the Court ordered production of plaintiffs' credit card statements. No. CIV. A. 97-0508, 1998 WL 313733, at *2–3 (E.D. La. June 12, 1998). As O'Malley points out, the plaintiff in Stokes sought "additional expenses incurred by the plaintiffs as a result of the accident" and plaintiff had testified that these expenses were paid using their credit cards. Id. at *2. Here, the request is far broader than that served in Stokes, instead asking for checking and savings account statements in addition to credit card statements. And O'Malley is not seeking to recover expenses that would be reflected in his financial records. The medical expenses he claims appear to be found

4

in medical bills. The possibility that his financial activity would shed light into his post-accident activity is tangential at best. Given the burden of producing the broad swath of requested financial records and the privacy interests implicated by the requests, this tangential relevance does not justify the discovery sought by NOPB. As to the request for O'Malley's financial records, the Motion to Compel is denied.

   3. *Social Media Records*

NOPB's request for social media records is too broad. The cases cited by NOPB in favor of its request involve, at best, a more limited production. For example, in Farley, the plaintiff was only required to produce postings that refer or relate to the accident in question, that refer or relate to the plaintiff's alleged emotional distress, that refer or relate to alternative potential emotional stressors or that are inconsistent with the mental injuries plaintiff alleges, that refer or relate to alleged physical injuries, that refer or relate to other physical injuries sustained by the plaintiff, and that reflect capabilities of plaintiff inconsistent with his alleged injuries. Farley, 2015 WL 4730729, at *4. Similar limits were placed by the court in Baxter v. Anderson. No. CV 16-142-JWD-RLB, 2016 WL 4443178, at *4 (M.D. La. Aug. 19, 2016). In Johnson, the Court ordered that no social media was required to be produced, noting that "[s]imply placing their mental and physical conditions at issue is not sufficient to allow [defendant] to rummage through [plaintiffs'] social media sites." 2013 WL 4508128, at *2.

Yet NOPB has served the kind of broad request rejected by the Court in Johnson, and it appears NOPB has made no attempt to limit its request after O'Malley raised his objection. The only limit is the time frame (which is appropriate). NOPB has raised no reason to suspect relevant information would be present in O'Malley's social media records or that such a broad request is appropriate here. As to social media records, the Motion to Compel is denied, provided that within

5

seven days NOPB shall be allowed to serve a revised request for production of documents that is consistent with the case law and which appropriately considers relevance and balances its need for information with the burden on O'Malley and his privacy interests. O'Malley shall respond within fifteen days.

## Conclusion

For the foregoing reasons, the Motion to Compel is DENIED.

New Orleans, Louisiana, this 6th day of February, 2018.

                                        Janis van Meerveld
                                    United States Magistrate Judge