UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN O'MALLEY                                CIVIL ACTION

VERSUS                                        NO. 17-4812

PUBLIC BELT RAILROAD COMMISSION               SECTION: H (1)
FOR THE CITY OF NEW ORLEANS


## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Summary Judgment regarding liability (Doc. 32). For the following reasons, the Motion is GRANTED IN PART.


## BACKGROUND

This negligence action arises out of an incident on March 19, 2017 in which Plaintiff Brian O'Malley was struck by a locomotive while working as a switchman employed by Defendant Public Belt Railroad Commission for the City of New Orleans ("NOPB"). The following facts are undisputed. On March 19, 2017, Plaintiff was assigned to Job 100R. At the time of the accident, Job 100R was assigned to assist in pulling a cut of railcars out of Track 13 onto the Switching Lead. Before commencing his work, Plaintiff was provided with one

1

or more briefings. The exact content of the briefings is disputed, but it is undisputed that Plaintiff was made aware that a train movement was scheduled to take place on the adjacent track, Track 14, around the same time as the movement on Track 13. Plaintiff proceeded to a point between Track 13, the track on which his train was moving, and Track 14. Once there, Plaintiff worked to verify that the cut of cars being pulled out of Track 13 matched the NOPB switching list.[1]

The train on Track 14 consisted of two locomotives, one facing east and another facing west. As part of Job 102, NOPB employees were instructed to move the two-locomotive train on Track 14 in a pushing or shoving maneuver. A push or shove is when the powered locomotive pushes from behind the train rather than pulls from in front. The Job 102 crew did not sound their train's horn or bell at any point before moving or while they moved the train. While moving, the east-facing locomotive of the Job 102 train—that is, the locomotive facing the direction of travel but not containing a crewmember at the controls—struck Plaintiff.

Plaintiff sued Defendant pursuant to the Federal Employers' Liability Act ("FELA") on May 9, 2017 seeking to recover damages resulting from Defendant's negligent failure to provide a reasonably safe place to work. Plaintiff now moves for summary judgment on the issue of liability, arguing that because Defendant violated internal safety rules and federal statutes Defendant is negligent *per se* and that Plaintiff's recovery should not be reduced by the operation of comparative fault. Defendant opposes the Motion.

---

[1] Defendant notes that Plaintiff also looked up and down the tracks, moved, and stood still while doing so.

## **LEGAL STANDARD**

Summary judgment is appropriate if "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations. . . , admissions, interrogatory answers, or other materials" "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[7] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would

---

[2] FED. R. CIV. P. 56 (2012).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[7] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## **LAW AND ANALYSIS**

"FELA provides the exclusive remedy for a railroad employee injured as a result of his employer's negligence."[10] A railroad is liable to any person injured while employed for those injuries "resulting in whole or in part from the negligence" of the employer.[11] The "in part" language creates "standards of liability for negligence under . . . the Act [that] are significantly broader than in ordinary common-law negligence actions."[12] A railroad is liable if "employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought."[13] Under FELA, a railroad has "a nondelegable duty to provide [its] employees with a reasonably safe place to work."[14] A railroad may become liable by breaching its general duty of care or by breaching a statutory duty.[15] The breach of any statute enacted for the purpose of worker safety makes a railroad liable—in other words, is negligence *per se*—regardless of whether the statute was enacted to counter the specific harm that the employee suffered.[16]

FELA also imposes a comparative fault rule, reducing an employee's recovery in proportion to the amount of negligence attributable to the

---

[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[10] Rivera v. Union Pac. R. Co., 378 F.3d 502, 507 (5th Cir. 2004).
[11] 45 U.S.C. § 51.
[12] Nivens v. St. Louis Sw. Ry. Co., 425 F.2d 114, 118 (5th Cir. 1970).
[13] Rogers v. Mo. Pac. R. Co., 352 U.S. 500, 506 (1957).
[14] Yawn v. S. Ry. Co., 591 F.2d 312, 315 (5th Cir. 1979).
[15] Kernan v. Am. Dredging Co., 355 U.S. 426, 432 (1958).
[16] *Id.* at 433; *see also* CSX Transp., Inc. v. McBride, 564 U.S. 685, 704 (2011) ("A railroad's violation of a safety statute, however, is negligence *per se*.").

4

employee.[17] However, comparative fault does not operate against an employee when "the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."[18] The Federal Railroad Safety Act ("FRSA") empowers the Secretary of Transportation to prescribe regulations governing railway safety.[19] Violations of regulations promulgated pursuant to that authority trigger the no-comparative-fault rule.[20]

Plaintiff moves for summary judgment that Defendant was negligent *per se* and that comparative fault does not apply in this instance because Defendant violated regulations under the FRSA. Plaintiff also argues that the violation of Defendant's internal rules is tantamount to a statutory violation because such rules have been incorporated into the federal regulations.

I.   **Whether a Violation of Internal Rules is Negligence *Per Se***

Plaintiff points to three regulations that purportedly incorporate a railroad's internal rules. First, 49 C.F.R. § 214.311, which states that, "Each employer is responsible for the understanding and compliance by its employees with its rules and the requirements of this part."[21] Second, the regulations in Part 217 of Title 49 of the Code of Federal Regulations, which require railroads to inform regulators of their internal rules, to conduct programs to instruct employees on their rules, and to conduct programs to monitor compliance with the rules.[22] And third, 49 C.F.R. § 218.99, which requires certain protection measures during shoving or pushing maneuvers and states:

---

[17] *See* 45 U.S.C. § 53; Norfolk & W. Ry. Co. v. Ayers, 538 U.S. 135, 145 (2003).
[18] 45 U.S.C. § 53.
[19] 49 U.S.C. § 20103; *see* Lane v. R.A. Sims, Jr., Inc., 241 F.3d 439, 442 (5th Cir. 2001).
[20] *See Kernan*, 355 U.S. at 436; Morant v. Long Island R.R., 66 F.3d 518, 523 (2d Cir. 1995); Walden v. Ill. Cent. Gulf R.R., 975 F.2d 361, 364 (7th Cir. 1992).
[21] 49 C.F.R. § 214.311.
[22] *See id.* §§ 217.1–13.

> Each railroad shall adopt and comply with an operating rule which complies with the requirements of this section. When any person including, but not limited to, each railroad, railroad officer, supervisor, and employee violates any requirement of an operating rule which complies with the requirements of this section, that person shall be considered to have violated the requirements of this section.[23]

Several district courts have determined that regulations similar to § 218.99 incorporate a railroad's rules into the federal regulations in the FELA context.[24] Defendant primarily cites to cases holding that violations of a railroad's internal rules are only some evidence of negligence, but those cases were not decided under FELA and are thus unpersuasive in this context.[25]

This Court finds that the text of § 218.99 clearly incorporates a railroad's internal rules regarding protecting shoving maneuvers into the federal regulations. It explicitly makes the violation of such a rule a violation of the regulation. Accordingly, summary judgment is granted that if Defendant violated any of its internal rules enacted to comply with the requirements of § 218.99 to protect shoving maneuvers and that violation contributed to Plaintiff's injuries, Defendant is negligent *per se* and Plaintiff's recovery will not be reduced by comparative fault.

The other regulations cited by Plaintiff, however, do not incorporate a railroad's internal rules. Neither § 214.311 nor Part 217 contain the same explicit incorporation language used in § 218.99. The part containing § 214.311

---

[23] *Id.* § 218.99(a)(1).
[24] *See* Kukowski v. Soo Line R.R. Co., No. 16CV01260SRNDTS, 2018 WL 834235, at *7 (D. Minn. Feb. 12, 2018); Schmitz v. Canadian Pac. Ry. Co., No. 05-C0369, 2006 WL 3488846, at *2 (E.D. Wis. Dec. 4, 2006); *but see* Schipper v. BNSF Ry. Co., No. 07-2249-JWL, 2008 WL 2783160, at *10 (D. Kan. July 16, 2008) (holding the opposite); Ard v. Metro-N. R.R. Co., 492 F. Supp. 2d 95, 99 (D. Conn. 2007) (implicitly holding in an order denying a motion for new trial that violating internal railroad rules is not negligence *per se*).
[25] *See* Robinson v. Mo. Pac. R.R. Co., 16 F.3d 1083, 1091 (10th Cir. 1994); BNSF Ry. Co. v. Lafarge Sw., Inc., No. CV 06-1076 MCA/LFG, 2008 WL 11322918, at *10 (D.N.M. Nov. 3, 2008), *opinion clarified*, 2009 WL 10665754 (D.N.M. Feb. 21, 2009).

concerns "certain railroad inspection, maintenance and construction activities," and the section's subpart is titled "Roadway Worker Protection."[26] The regulations of Part 217 do not even contain a requirement that a railroad follow its rules. In light of the unambiguous language used to accomplish the incorporation of only a limited set of rules in § 218.99, the Court does not read the vague language of § 214.311 or Part 217 as turning the violation of any railroad rule on any topic into a violation of federal regulations.

## II. Whether Defendant Violated an Internal Rule or Statute and is Therefore Negligent *Per Se*

Having granted summary judgment that the violation of an internal rule enacted to protect a shoving maneuver is negligence *per se*, but that the same does not apply to other internal rules, the Court will now consider whether Defendant violated a rule triggering negligence *per se*.

### A. Auditory Signals and Radios

Several of Plaintiff's asserted bases for liability fail because the internal rules that were allegedly violated have not been incorporated into a federal statute or regulation. Plaintiff argues that Defendant violated its rules when the Job 102 train failed to sound its bell or horn before moving and when the crew members for Jobs 100R and 102 operated on different radio frequencies. However, Plaintiff points to no federal regulation or statute specifically incorporating rules regarding auditory warnings or radio frequencies into the federal regulations. Therefore the internal rules for auditory warnings and radio frequencies cannot be the basis for a finding of negligence *per se* or triggering the no-comparative-fault rule. Because Plaintiff moved for judgment that Defendant was negligent *per se* for the violation of a statutory duty, the Court need not examine whether Defendant complied with such rules.

---

[26] 49 C.F.R. § 214.1.

7

## B. Designating an Employee to Provide Point Protection

Plaintiff argues that Defendant violated the substantive text of 49 C.F.R. § 218.99 and Defendant's own internal rules enacted to protect a shoving maneuver when Defendant's employee protecting the shove failed to see Plaintiff and failed to detail in a pre-shove briefing how that employee would protect the shove. This Court finds that the thinnest questions of material fact remain as to whether Defendant failed to adequately protect the shove and if so, whether that failure in any way contributed to Plaintiff's being struck.

Section 218.99 requires that a railroad provide point protection during a shoving or pushing move by having an employee visually determine that the track is clear and give signals or instructions necessary to control the movement.[27] Defendant's Rule 525 states that,

> Shoving or pushing movements must be protected by a crewmember or other qualified employee. . . . After ensuring all couplings are made by stretching the slack, the employee directing the movement must know the track is clear by providing point protection or being in a position to make a positive visual determination. . . . When shoving or pushing equipment for purposes other than coupling[, t]he movement must be stopped 50 feet short of[ a]n obstruction.[28]

Defendant designated John McCrossen as the employee providing point protection to the Job 102 shove.[29] McCrossen took up position in the cabin of the locomotive facing the direction of movement.[30] The employee at the controls of the Job 102 train, Murt Rupp, stated that he had a clear track and started moving the train only after being told that he was "good for 50 cars."[31] A video taken from a camera on the Job 102 train facing the direction in which it was

---

[27] *Id.* § 218.99(b).
[28] Doc. 32-11 at 2.
[29] Doc. 38-5 at 7.
[30] Doc. 55-1 at 12–13.
[31] Doc. 38-7 at 8.

8

moving clearly shows Plaintiff in a yellow vest standing between Tracks 13 and 14. Plaintiff is visible there from before the Job 102 train begins moving until he disappears from the camera's field of view to the right of the train.

Plaintiff argues that any person providing proper point protection for the Job 102 shove should have seen him standing between Tracks 13 and 14 and stopped the train short. McCrossen himself testified that he should have seen Plaintiff if Plaintiff was fouling the track.[32] McCrossen further testified that as the person protecting the shove, he was required to confirm that there was nothing on the track.[33] In McCrossen's understanding, the rule requiring protection mandates that the person providing protection be able to see everything in front of the train, including the first 20 or 30 feet.[34] McCrossen could not do so from the vantage point that he took in the locomotive's cabin.[35] Hill, another of Defendant's conductors, testified to the same understanding of the rules and regulations as McCrossen.[36]

Defendant argues that stationing McCrossen in the cabin to protect the shove satisfied the requirements of § 218.99 and Rule 525. In support of that position, Hill did testify that it was common practice to protect a shove from the cabin of the locomotive pointing in the direction of movement.[37] But he also testified that a person sitting in that position should not have had a blind spot and thus should have been able to see the entire track ahead of the train.[38] Although Defendant's evidence is thin, the ultimate question of whether

---

[32] Doc. 55-1 at 25–26.
[33] Doc. 55-1 at 11.
[34] Doc. 55-1 at 10, 26.
[35] Doc. 55-1 at 12–13.
[36] Doc. 55-2 at 2–5.
[37] Doc. 53-2 at 9–10.
[38] Doc. 53-2 at 10.

Defendant's point protection was adequate, and thus whether it violated the law, is a question of fact reserved for the jury.

Similarly, there remains a question of fact as to whether Defendant's actions, assuming they were negligent, contributed to Plaintiff's being struck. Defendant argues that Plaintiff was the sole cause of his injury and introduces at least some evidence that Plaintiff was negligent in where he positioned himself and in allowing himself to foul Track 14. Even if the jury were to find that Defendant violated a rule or statute relating to shove protection, a finding that Plaintiff was the sole cause of being struck would deny Plaintiff recovery. Therefore the issue of causation is a question for the jury.

**C. Job Briefings**

Plaintiff also argues that Defendant violated its Operating Rule 550, and therefore § 218.99, when the Job 102 crew performed an inadequate briefing before the shoving maneuver, but there remain questions of fact as to whether the briefing was sufficient and if not, whether the violation was a cause of Plaintiff's being struck.

Defendant's Rule 550 states:

When making shoving movements, job briefings will be made prior to rolling equipment being shoved. . . .

The job briefing shall include the following:

a. The means of communication to be used between the crew member in charge of the movement and the locomotive engineer and

b. How point protection will be provided by such crew member.[39]

---

[39] Doc. 32-12.

Rule 550 is an operating rule that complies with the requirements of § 218.99 and therefore any violation of the rule is also a violation of a federal statute.[40] McCrossen testified that he said that he would be the person providing point protection during the briefing before the Job 102 shove.[41] There is no evidence of what a compliant briefing should look like. What exactly he said and whether such a statement, without further details about the manner in which he was going to do that, complies with the rule are questions of fact for the jury.

Similarly, there remains a question of fact as to whether any failure by McCrossen to brief his crew on how he was going to perform the point protection was even a slight cause of Plaintiff's being struck. There is evidence that McCrossen's chosen method to protect the shove—visual observation from the cabin of the locomotive facing the direction of travel—was a common practice.[42] Therefore it is a reasonable inference that, had McCrossen said in his briefing that he would be visually observing the track from the cabin, no one would have objected and nothing about McCrossen's actual protection would have changed. There is no evidence that McCrossen would have included in the briefing the fact that he could not see the track in front of the locomotive. Accordingly, Plaintiff is not entitled to summary judgment as to liability based on Defendant's violation of Rule 550.

Plaintiff also argues that Defendant violated its Safety Rule 31 and Operating Rule 550, and therefore also § 218.99, by failing to brief Plaintiff

---

[40] *Compare* 49 C.F.R. § 218.99(b)(1) ("The job briefing shall include . . . how point protection will be provided.") *with* Doc. 32-12 ("The job briefing shall include . . . [h]ow point protection will be provided by such crew member.").
[41] Doc. 55-1 at 17.
[42] *See* Doc. 53-2 at 9–10.

11

that the train on Track 14 would be moving while Plaintiff was completing his task on Track 13. Defendant's Rule 550 states:

> When making shoving movements, job briefings will be made prior to rolling equipment being shoved. . . .
>
> The job briefing shall include the following:
>
> a. The means of communication to be used between the crew member in charge of the movement and the locomotive engineer and
>
> b. How point protection will be provided by such crew member.[43]

Defendant's Rule 31 states in relevant part:

> Job briefings must be conducted prior to work activity, subsequently when activity or work conditions change and when another person joins the crew. The following are steps for a proper job briefing:
>
> a. Discuss the sequence of basic job steps.
>
> b. Identify, eliminate, contain, or communicate all potential hazards to the job.
>
> . . .
>
> e. Make sure that instructions are understood and it is clear how the job will be performed.
>
> f. Follow up with fellow employees to ensure compliance with safe work practices.[44]

There is no dispute that Plaintiff received one or more briefings that Job 102 would be shoving a train along Track 14 at the same general time as Job 100R was pulling the cut from Track 13. There is also no dispute that, close to the time that Plaintiff was struck, McCrossen briefed a member of the Job 100R team about Job 102's intended movements on Track 14 and that the member of the Job 100R crew relayed that information to Plaintiff. The parties

---

[43] Doc. 32-12.
[44] Doc. 32-13.

12

do dispute, however, the exact content of the briefings. Plaintiff testified that he was told that the train on Track 14 would remain stationary until Job 100R left the area.[45] McCrossen testified that he told Job 100R that the train was about to move down Track 14.[46] Because there is a dispute over facts material to the question of whether Defendant violated the rules requiring a job briefing, summary judgment as to Defendant's liability on that basis is not warranted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is GRANTED IN PART. Summary judgment is granted to the extent that if a jury finds that Defendant violated any of its internal rules enacted to comply with the requirements of § 218.99 to protect shoving maneuvers and that violation contributed to Plaintiff's injuries, Defendant is negligent *per se* and Plaintiff's recovery will not be reduced by comparative fault. Summary judgment is DENIED in all other respects.

New Orleans, Louisiana this 9th day of August, 2018.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[45] Doc. 32-4 at 2–3.
[46] Doc. 53-1 at 63.