UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN O'MALLEY | CIVIL ACTION |
| VERSUS | NO. 17-4812 |
| PUBLIC BELT RAILROAD COMMISSION FOR THE CITY OF NEW ORLEANS | SECTION: "H"(1) |

## ORDER AND REASONS

Before the Court is Defendant's opposed Motion to Bifurcate (Doc. 129).

Rule 42(b) of the Federal Rules of Civil Procedure provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The Rule, therefore, is permissive, and "[w]hether to conduct separate trials . . . is a matter left to the sound discretion of the trial court on the basis of circumstances of the litigation before it."[1]

Here, Defendant asks this Court to separate Plaintiff's trial into one about liability and one about damages. Defendant argues that bifurcation is necessary to avoid potential prejudice in the form of sympathy from the jury that could lead the jury to find that Defendant is liable not because it is in fact liable but because the jury may sympathize with the serious injuries Plaintiff alleges to have suffered as a result of Defendant's alleged negligence.

---

[1] Alaniz v. Zamora-Quezada, 591 F.3d 761, 773–74 (5th Cir. 2009) (internal quotations omitted).

1

The potential "prejudice" Defendant refers to is not the type of prejudice covered by Rule 42(b). If it were, courts would regularly be forced to waste both judicial resources and the time and effort of the parties and their counsel in conducting multiple trials anytime a plaintiff suffered serious injury.

This case involves one Plaintiff and one Defendant. Judicial economy warrants one, not two, trials of this matter.[2] Accordingly, the Court sees no reason to bifurcate trial.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Bifurcate is **DENIED**.

New Orleans, Louisiana this 24th day of July, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[2] *See id.* at 774 (affirming denial of motion to bifurcate where "the potential for jury confusion . . . was outweighed by considerations of judicial economy").